STATE Ex Rel. MRS. J. R. QUINTON, Natural Guardian and Next Friend of JOHN MORRIS QUINTON, Minor, v. J. B. CAIN, CLERK SUPERIOR COURT BUNCOMBE COUNTY, NORTH CAROLINA, FIDELITY AND CASUALTY COMPANY, NEW YORK, CENTURY INDEMNITY COMPANY, HARTFORD, CONNECTICUT, G. N. HENSON, Liquidating Agent of CENTRAL BANK AND TRUST COMPANY, GURNEY P. HOOD, Commissioner of Banks for NORTH CAROLINA, and CENTRAL BANK AND TRUST COMPANY, a Corporation.

(Filed 14 September, 1932.)

**Guardian and Ward H a: Clerks of Court B a—Clerk need not require corporation licensed by Insurance Commissioner to give guardianship bond.**

Under the provisions of C. S., 6376, 6377, a corporation licensed by the Insurance Commissioner and having charter authority to act as guardian, may be appointed guardian without giving the statutory bond usually required, C. S., 2161, 2162, and where the clerk of the Superior Court pays to a bank so licensed and having charter authority to act as guardian, money belonging to the estate of a minor and does not require the bank to give guardianship bond, neither the clerk nor the sureties on his official bond are liable for failure to require the bond, although the ward's estate suffered loss by reason of the bank's failure to keep the funds separate from its regular deposits, the bank later becoming insolvent.

Appeal by plaintiff from *Sink, J.,* at February Term, 1932, of Buncombe. Affirmed.

The agreed statement of facts between the parties to this controversy is as follows:

"The plaintiff and defendants agree that the following constitute the facts in the above entitled cause and that no evidence need be offered by either party to said controversy to establish same:

(1) That the plaintiff is a resident of Buncombe County, North Carolina, and is the mother of John Morris Quinton, who is a minor, 15 years of age, said minor residing with his mother, the plaintiff in this case.

(2) That J. B. Cain is clerk of the Superior Court of Buncombe County, North Carolina, and has been such officer since the first Monday in December, 1926, and that his term of office lasted four years from and after said date.

(3) That J. R. Quinton, husband of plaintiff, died 31 January, 1930, in Buncombe County, North Carolina, leaving a life insurance policy in the sum of $1,000, payable to the above minor, John Morris Quinton.

(4) That J. B. Cain, clerk of Superior Court of Buncombe County, North Carolina, on 6 December, 1926, entered into a bond in the sum of $10,000 with the defendant, Fidelity and Casualty Company of New York, as surety, a copy of said bond being attached to complaint and marked 'A' and same is made a part of these agreed facts.

(5) That on 13 December, 1929, J. B. Cain, clerk of the Superior Court of Buncombe County, North Carolina, entered into an additional bond in the sum of $10,000, with the Century Indemnity Company of Hartford, Connecticut, as surety, a copy of said bond being attached to the complaint and marked 'B' and made a part of these agreed facts.

(6) That on 15 February, 1930, the sum of $1,000, the proceeds of the life insurance policy on the life of John R. Quinton, deceased, was turned over to J. B. Cain in his official capacity as clerk of the Superior Court of Buncombe County, North Carolina, and the same was received by him by virtue of the color of his office, said sum being the property of the above named minor, John Morris Quinton.

(7) That about 15 February, 1930, the said sum of $1,000, was turned over by J. B. Cain, clerk of the Superior Court of Buncombe County, North Carolina, to the defendant, Central Bank and Trust Company, of Asheville, North Carolina, as guardian for John Morris Quinton, minor, and no guardian bond was required of or given by said Central Bank and Trust Company, but it was allowed to take and handle said funds of said minor without giving bond.

(8) That the charter of Central Bank and Trust Company authorized it to do a fiduciary trust business and an indemnity and surety business and was so licensed by the Insurance Commissioner.

(9) That since said sum of $1,000 was turned over by J. B. Cain to the Central Bank and Trust Company, there has been paid out by it, as guardian for said minor, the sum of $400.

(10) That said Central Bank and Trust Company, failed on 19 November, 1930, and since said date has been in charge of the liquidating agent, who is attempting to wind up its affairs.

(11) That demands have been made upon the Central Bank and Trust Company, as guardian and upon the defendant, J. B. Cain, clerk of the Superior Court of Buncombe County, North Carolina, by the plaintiff in this case, for the payment of the moneys and interest due said minor on account of the $1,000, but same has not been paid.

(12) That there is now due to said minor, John Morris Quinton, the principal sum of $600 together with such interest as is provided by the statute in respect to guardians and wards."

This case was instituted in the General County Court of Buncombe County, North Carolina, and heard before his Honor, Guy Weaver, judge of said court, who rendered the following judgment: "It is therefore ordered, adjudged and decreed that the plaintiff have and recover judgment against the defendant, J. B. Cain, clerk of the Superior Court of Buncombe County, North Carolina, and Fidelity and Casualty Company of New York, in the sum of $10,000, and against J. B. Cain, clerk of the Superior Court of Buncombe County, North Carolina, and the Century Indemnity Company of Hartford, Connecticut, in the sum of $10,000, each and both of said bonds and each and both of said defendants, surety companies and their principal, the defendant, J. B. Cain, clerk, to be discharged upon payment to the plaintiff of the sum of $600 principal and the further sum of $108 as interest on said principal, or a total of $708, together with interest on said sum of $708 at the rate of 6 per cent from this date until paid. That the defendants pay the cost of this action."

The defendants excepted and assigned error to the above judgment and appealed to the Superior Court, and the following judgment was rendered:

"The above entitled cause coming on to be heard upon the appeal of the defendants from a judgment of the Buncombe County General Court, before his Honor, H. Hoyle Sink, judge presiding, and holding the courts of the Nineteenth Judicial District, and after hearing the appeal, the court being of the opinion that the plaintiff is not entitled to recover of the defendant: It is therefore ordered and adjudged that this case be remanded to the Buncombe County General Court for a new trial, and thereupon enter judgment that the plaintiff have and recover nothing of the defendants."

From the above judgment the plaintiff excepted, assigned error and appealed to the Supreme Court.

*Welch Galloway for plaintiff.*

*John H. Cathey and Lucile McInlurff for defendant J. B. Cain, clerk and Fidelity and Casualty Company.*

*Sale, Pennell & Pennell for Century Indemnity Company.*

*Johnson, Smathers & Rollins for G. N. Henson, liquidating agent and Gurney P. Hood, Commissioner of Banks and Central Bank and Trust Company.*

CLARKSON, J. The plaintiff contends that she is entitled to recover of the defendant J. B. Cain, clerk of the Superior Court of Buncombe County, North Carolina, and the sureties on his official bond, for breach of duty, in turning over to the Central Bank and Trust Company, a corporation, as guardian, the funds in his hands of John Morris Quinton, minor, and not requiring said bank as guardian to give bond. We cannot so hold.

This brings us to consider the statutes on the subject:

C. S., 2161, is as follows: "No guardian appointed for an infant, idiot, lunatic, insane person or inebriate, shall be permitted to receive property of the infant, idiot, lunatic, insane person or inebriate until he shall have given sufficient security, approved by a judge, or the court, to account for and apply same under the direction of the court."

C. S., 2162, in part, is as follows: "Every guardian of the estate, before letters of appointment are issued to him, must give a bond payable to the State, with two or more sufficient sureties, to be acknowledged before and approved by the clerk of the Superior Court and to be jointly and severally bound. The penalty in such bond must be double, at least, the value of all personal property and the rents and profits issuing from the real estate of the infant, . . . The bond must be conditioned that such guardian shall faithfully execute the trust reposed in him as such, and obey all lawful orders of the clerk or judge touching the guardianship of the estate committed to him," etc.

As to giving bond in a surety company, see C. S., 339. As to giving mortgage in lieu of bond, see C. S., 346. If these were the only statutes on the subject plaintiff's contention would be correct. We have another statute dealing with this subject—C. S., 6376, which is as follows: "Any corporation licensed by the insurance commissioner, where such powers or privileges are granted it in its charter, may be guardian, trustee, assignee, receiver, executor or administrator in this State without giving any bond; and the clerks of the Superior Courts or other officers charged with the duty, or clothed with the power of making such appointments, are authorized to appoint such corporation to any such office, whether the corporation is a resident of this State or not."

C. S., 6377, provides how such corporation is licensed to do business. C. S., 6378, provides that the Insurance Commissioner shall make examination as to solvency. C. S., 6379, the certificate of Insurance Commissioner as to solvency equivalent to justification. C. S., 6380, provides that Insurance Commissioner notify clerk of Superior Court of license and revocation.

The agreed facts bearing on the subject, are as follows: "That about 15 February, 1930, the said sum of $1,000 was turned over by J. B. Cain, clerk of the Superior Court of Buncombe County, North Carolina, to the defendant, Central Bank and Trust Company, of Asheville, N. C., as guardian for John Morris Quinton, minor, and no guardian bond was required of or given by said Central Bank and Trust Company, but it was allowed to take and handle said funds of said minor without giving bond. That the charter of Central Bank and Trust Company, authorized it to do a fiduciary business and an indemnity and surety business and was so licensed by the Insurance Commissioner."

C. S., 6376, seems to be a special privilege allowed certain banks when its charter permits it to act as guardian. Whatever may be the criticism of C. S., 6376, *et seq.*, it is a legislative matter and not for this Court. The law-making branch of the government has passed the act, and if constitutional it is the duty of this Court to uphold same, no attack is made on its constitutionality. If the Central Bank and Trust Company, intermingled this guardian fund with other funds of the bank, it and its surety would be liable to plaintiff.

In *Roebuck v. Surety Co.*, 200 N. C., at p. 202, the following is stated as the law: "The bank, as guardian, in not investing the funds of its ward, but intermingling it with other funds of its bank, was faithless to the trust reposed in it; and its bondsman, the defendant, must suffer the loss for such faithlessness." *Bank v. Corporation Commission*, 201 N. C., 381; *Bane v. Nicholson, ante,* 104. For the reasons given, the judgment of the court below is

Affirmed.